# Judge Hellerstein

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 01861

---------------------------------------------------------------- x

FUSION BRANDS INTERNATIONAL SRL,

                Plaintiff,

      -against-

AMERELITE SOLUTIONS, INC.; JOHN DOES;
JANE DOES AND XYZ COMPANIES,

              Defendants.

---------------------------------------------------------------- x

**Case No.**

**COMPLAINT**

RECEIVED
FEB 25 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## Jurisdiction

1.      This is a complaint for trademark infringement, trademark dilution and trade dress infringement under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended, (hereinafter the "Lanham Act"), and to which is appended claims for trademark dilution and unfair competition under the common law of the New York.

2.      This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. §§ 1114, 1116, 1121, 1125, 1126 and the principles of pendent jurisdiction. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy five thousand dollars ($75,000.00).

## The Parties

3.      Plaintiff, Fusion Brands International SRL is a corporation organized and existing under the laws of Barbados having its principal place of business at Grove, Pine Road, Belleville, St Michael, Barbados, West Indies (hereinafter "FBI").

4.    (a)    Upon information and belief, defendant, Amerelite Solutions, Inc. is a Nevada corporation doing business at 2429 South 51st Avenue, Phoenix, Arizona 85043 and does and/or transacts business in this district (hereinafter "AMERELITE").

(b)    Upon information and belief, defendants JOHN DOES and JANE DOES transact and/or do business in this district, and are actively and regularly engaged in the manufacture or sale of the merchandise complained of herein. The identities of defendants JOHN DOES and JANE DOES are presently not known to Plaintiff and Plaintiff will amend this Complaint to include the name or names of said individuals if and when they permit themselves to be identified (hereinafter "John Does and Jane Does").

(d)    Upon information and belief, defendants XYZ COMPANIES, through their agents, servants and employees, do business in, or transact business in, and have been present in this district and are here actively and regularly engaged in the manufacture or sale of merchandise complained of herein. The true identities of defendants XYZ COMPANIES are not presently known to Plaintiff and Plaintiff will amend this Complaint to include the name or names of the same if and when they permit themselves to be identified (hereinafter "XYZ Companies").

Defendants Amerelite, John Does, Jane Does and XYZ Companies are hereinafter sometimes referred to as "Defendants."

## Facts Applicable to All Causes of Action

5.    FBI is a marketer, distributor and advertiser of skin care products.

6.    FBI has enjoyed extraordinary success designing, developing and marketing its skin care products. FBI has spent millions of dollars in developing and designing its products, including its high-quality lip gloss products sold under its LipFusion trademark.

2

7.    From 2004 to date, FBI's wholesale sales of LipFusion lip products exceeded tens of millions of dollars and was the number 1 selling product in the upscale <u>Sephora</u> stores nationwide for two consecutive years.

8.    FBI's LipFusion lip products have gained the prestigious <u>Good Housekeeping</u> seal.

9.    The phenomenal success and fame of plaintiff's LipFusion products is apparent from the unsolicited press the products have generated.  Press coverage pertaining to LipFusion has been given on national television, and in magazines such as <u>InStyle</u>, <u>Us</u>, <u>Sports Illustrated</u>, <u>Cosmopolitan</u>, and <u>People</u>.

10.    FBI advertises its LipFusion product line extensively in the United States and has spent millions of dollars in marketing and promotion of its LipFusion product line.

11.    Since the introduction of LipFusion and its phenomenal success, FBI has since expanded its franchise of Fusion marks.  Significantly, FBI has since launched four additional products bearing the names SKINFUSION, LASHFUSION, GLOWFUSION and LIFTFUSION. Since their launch, the GLOWFUSION and LIFTFUSION branded products have been number 1 selling products in the upscale <u>Sephora</u> stores nationwide.

12.    Each of the FBI products and its website and marketing materials bear inherently distinctive designs evoking a string of chromosomes and such designs have acquired distinctiveness through the sale and advertising of FBI's products (hereinafter "FBI Trade Dress").

13.    Plaintiff owns registrations and/or allowed applications for the following trademarks ("Plaintiff's Trademark Registrations and Applications"):

| <u>MARK</u> | <u>REG. /APP. NO</u> | <u>GOODS</u> |
|---|---|---|
| LIPFUSION | 78/599,462 | Lip products, namely, lip plumping gloss, lip pencils, lip |

| | | |
|---|---|---|
| | | shines and lip gloss. |
| MICRO-INJECTED COLLAGEN | 3226091 | Lip products, namely, lip plumping gloss, lip pencils and lip shines. |
| COLLAGEN-FILLING SPHERES | 78/651,519 | Lip products, namely, lip plumping gloss, lip pencils, lip gloss. |
| LIFTFUSION | 3,162,790 | Skin care products, namely, cosmetic creams. |
| LIFTFUSION | 78/654,001 | Skin care products, namely, face and body lotions and skin moisturizers. |
| MICRO COLLAGEN | 3252586 | Lip products, namely, lip plumping gloss, lip pencils, lip shines, lip gloss; cosmetics and skin creams. |
| FUSION BEAUTY | 78/977,807 | Non-medicated skin care preparations; lip products, namely, lip glosses, lip pencils, lip plumpers. |
| CLEARFUSION | 78/790630 | Non-medicated skin care preparations. |
| GLOWFUSION | 3288759 | Cosmetics, body care products, namely, body lotions and tanning lotions. |
| PUREFUSION | 78/669,703 | Skin care products, namely, beauty serums. |
| FUSION RX | 78/619,162 | Cosmetics; non-medicated skin care products, namely, beauty creams and body lotions. |
| LIGHTFUSION | 78/688,918 | Skincare products, namely, non-medicated skin creams; cosmetics. |
| HAIRFUSION | 78/734,625 | Shampoo, hair conditioner, non-medicated hair serums; non-medicated hair treatments, |

4

| | | namely, hair texturizers. |
|---|---|---|
| FUSION BEAUTY | 78/848174 | Medicated skin care preparations. |
| GIFTFUSION | 77/092573 | Lip plumping gloss, lip pencils, lip gloss and lip shines, cosmetics, non-medicated skin care preparations. |
| BLINGFUSION | 77/116424 | Cosmetics. |
| LASHFUSION | 77/005551 | Mascara. |

Plaintiff's Common Law Trademarks and Plaintiff's Trademark Registrations and Applications are collectively referred to as "Plaintiff's Trademarks."

14.    Due to FBI's ownership of Plaintiff's Trademarks and use of numerous trademarks containing "Fusion", FBI owns a family of "Fusion" trademarks (hereinafter "Fusion Family of Marks").

15.    Plaintiff's Fusion Family of Marks, the FBI Trade Dress and the FBI Domain Names and the goodwill of the business associated therewith in the United States are of great and incalculable value, are highly distinctive and arbitrary, and have become associated in the public mind with the products of very highest quality and reputation finding their source in Plaintiff.

### Defendants' Activities

16.    Notwithstanding the prior use and fame of plaintiff's products bearing the Fusion Family of Marks, and in fact, perhaps due to such fame, plaintiff has learned that defendants have now launched, a line of skin care products bearing the name CollagenFusion that also seems to copy the FBI Trade Dress (hereinafter "Defendants' Products"). A copy of a page from defendants' website is annexed as Exhibit A.

26094/045/770261.2

17.    Defendants have applied on February 7, 2006 to register the name CollagenFusion with the United States Patent and Trademark Office ("PTO") and such application was given Serial No. 76/654,706. Plaintiff has filed an opposition to such application which is pending in the PTO.

18.    Upon information and belief, defendants were aware of FBI's LipFusion product line and/or the Fusion Family of Marks and/or the FBI Trade Dress and/or the FBI Domain Names when they chose to use CollagenFusion for their skin care products in the particular trade dress.

19.    The use of the CollagenFusion name by defendants and/or the use of a trade dress which appears to be visually similar to the FBI Trade Dress, and/or the use of the website address http://www.collagenfusion.com, renders the sale and marketing of the Defendants' Products likely to cause confusion and deceive the public into purchasing Defendants' Products believing it is the product of or associated with FBI.

20.    Upon information and belief, the Defendants' Products are inferior in quality to products sold under FBI's authority and the sale thereof will cause devastating damage and dilute the goodwill FBI has developed in connection with the sale of its legitimate, high-quality cosmetic products. In fact, despite its name, CollagenFusion, upon information and belief, Defendants' products contain no collagen.

21.    The unlawful activities of defendants result in immediate and irreparable harm and injury to FBI. Among other harms, these activities: deprive FBI of its absolute right to determine the manner in which its image is presented to the general public through merchandising; deceive the public as to the origin and sponsorship of the FBI Products; and wrongfully trade upon FBI's reputation and exclusive rights in its trademarks and trade dress.

6

22.     By misappropriating and using the name CollagenFusion and/or copying of the FBI Trade Dress, defendants have misrepresented and falsely described to the general public the origin and source of the Defendants' Products so as to deceive the public and deliberately create a likelihood of confusion by ultimate purchaser and by others post-sale as to the source of sponsorship of Defendants' Products.

23.     Due to plaintiff's use and ownership of the Fusion Family of Marks, consumers upon seeing the defendants' CollagenFusion products will believe mistakenly they are also made by, sponsored by or associated with plaintiff.

### COUNT I

24.     FBI repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Defendants' use of the name CollagenFusion on and in connection with the Defendants' Products, including its use in the website domain http://www.collagenfusion.com, infringes upon FBI's exclusive rights in its federally registered trademark LIFTFUSION, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. §1114.

26.     Upon information and belief, defendants, having full knowledge of FBI's rights in LIFTFUSION, offer for sale and/or sell products bearing a mark that is similar to FBI's federally registered trademark in order to falsely give Defendants' Products the mistaken appearance of belonging to, originating from or being associated with FBI.

27.     Defendants' use of a mark similar to FBI's federally registered mark is likely to and is causing confusion, mistake and deception among members of the public as to the origin of Defendants' Products and is likely to and will continue to deceive the public into believing Defendants' Products emanate from or are associated with FBI and its high-quality products, all

7

without the permission or authority of FBI, and thus will continue to cause irreparable harm to FBI unless restrained by this Court. Plaintiff has no adequate remedy at law.

**COUNT II**

28.    FBI repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.    Plaintiff's use of its Fusion Family of Marks precedes any use by defendants.

30.    Defendants' Products and use of the domain name www.collagenfusion.com, are likely to, and are certainly intended to, cause confusion among purchasers and potential purchasers and to deceive the public into purchasing Defendants' Products and/or believing the line to originate from or be associated with plaintiff.

31.    By adopting the name CollagenFusion, defendants misrepresent and falsely describe to the public the origin and source of Defendants' Products and create a likelihood of confusion as to both the source and sponsorship of the product line.

32.    Defendants' acts violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and cause and will continue to cause FBI irreparable injury unless restrained by this Court. FBI has no adequate remedy at law and, if defendants' activities are not enjoined, will continue to suffer irreparable harm and injury to its goodwill and reputation.

**COUNT III**

33.    FBI repeats, reiterates and realleges the allegations set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34.    Plaintiff's LIPFUSION, SKINFUSION, LASHFUSION, GLOWFUSION and LIFTFUSION marks are distinctive and have become famous by virtue of extensive use by

8

Plaintiff and their success. These marks have become closely associated in the public mind with plaintiff and the business associated with Plaintiff's marks.

35.    Defendants' use of CollagenFusion is likely to cause dilution of the distinctive quality of plaintiff's trademarks and likely to tarnish the said mark by blurring or otherwise.

36.    Defendants' unlawful conduct is in violation of §43(c) Lanham Act and will damage plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT IV

37.    FBI repeats, reiterates and realleges paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.    FBI has built up valuable goodwill in its Fusion Family of Marks and in the distinctive appearance of the FBI Trade Dress.

39.    Upon information and belief, with full knowledge of the fame of the FBI products, defendants intended to and did trade on the goodwill associated with the Fusion Family of Marks and FBI Trade Dress to mislead the public into assuming a connection between FBI's Product and Defendants' Products.

40.    Defendants' use of the name CollagenFusion and/or the FBI Trade Dress is likely to and does permit defendants to palm off its goods as those of FBI, all to the detriment of FBI and the unjust enrichment of defendants. Defendants have further palmed off their goods as FBI's by their misrepresentations to the consuming public, members of whom are likely to and do believe defendants' infringing product emanates from or is associated with FBI.

41.    Defendants' acts permit and accomplish confusion, mislead and deceive the public as to the source of defendants' goods, permit and accomplish palming off of defendants' goods as FBI's, and falsely suggest a connection with FBI, thus constituting unfair competition

26094/045/770261.2

with FBI in violation of New York law. These acts have caused and will continue to case FBI

irreparable harm unless enjoined by this Court. FBI has no adequate remedy at law.

## COUNT V

42.     FBI repeats, reiterates and realleges paragraphs 1 through 41 of this Complaint as

if fully set forth herein.

43.     Plaintiff's LipFusion mark is distinctive and has become famous by virtue of

extensive use by Plaintiff and due to its unprecedented success. The LipFusion trademark has

become closely associated in the public mind with Plaintiff and the business associated with

Plaintiff's mark.

44.     Defendants' use of CollagenFusion is likely to cause dilution of the distinctive

quality of Plaintiff's mark LipFusion and likely to tarnish plaintiff's mark by blurring or otherwise.

45.     Defendants' unlawful conduct is in violation of the New York State Anti-Dilution

Statute, Section 368(d) and will damage Plaintiff unless enjoined by this Court. Plaintiff has no

adequate remedy at law.

**WHEREFORE**, plaintiff, FBI respectfully prays that this Court grant the following

relief as to each of the above causes of action:

A.     Enter a preliminary, and then permanent, injunction restraining defendants

and their affiliates, subsidiaries, officers, agents, employees, representatives, privies,

successors, assigns and all those acting for them or on their behalf, or acting in concert

with them directly or indirectly from: manufacturing, exporting, importing, distributing,

offering for sale or selling products under the CollagenFusion name; making false

descriptions or representations relating to the origin or nature of Defendants' Products,

diluting plaintiff's trademarks, or any other thing calculated or likely to cause confusion

10

or mistake in the mind of the trade or public or to deceive the trade or public into believing that defendants' products or business are in any way associated or affiliated with plaintiff or plaintiff's products;

  B. Directing defendants to recall from any and all channels of distribution any products and/or sales, advertising, promotional materials distributed by defendants bearing the CollagenFusion name;

  C. Order that all merchandise, signs, wrappings, catalogs, decals or other goods or printed matter bearing the name CollagenFusion or any colorable imitations of same, plates, molds, matrices or other material for producing or printing or distributing such items in the possession or control of Defendants be delivered up to FBI for destruction or other disposition at FBI's sole discretion, and that Defendants be ordered to notify its customers that Defendants' Products sold and/or proposed to be sold were in no way connected with FBI, that such customers should return all Defendants' Products to defendants for credit, that defendants will give such credit in the form of cash refunds and that the returned Infringing Products shall be delivered up to FBI for destruction or other disposition at FBI's sole discretion;

  D. Order that Defendants' domain name www.collagenfusion.com be cancelled and/or transferred to Plaintiff;

  E. Direct the PTO to expunge Defendants' Trademark Application Serial No. 76/654,706;

  F. Grant FBI an equitable accounting of defendants' profits, if any, from the sale of Defendants' Products infringing the Fusion Family of Marks and award FBI

11

judgment for its damages or defendants' profits, whichever are greater, arising from

defendants' unfair competition; and

      G.    Grant FBI such other relief as this Court deems proper.

Dated:  New York, New York
        February 25, 2008

                    Respectfully submitted,
                    COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
                    Arlana S. Cohen (9034)
                    1133 Avenue of the Americas
                    New York, New York 10036
                    Tel: (212) 790-9237
                    Fax: (212) 575-0671
                    Attorneys for Plaintiff

12

Exhibit A

# AES
### AMERELITE SOLUTIONS

Empowering new discoveries in Anti-Aging and Wellness.
Committed to creating products that work with the body's natural
systems to Replenish, Renew and Return the skin to its youthful essence.

Home    News    Products    Case Studies    Market Info    Company Profile    About Us    Contact Us

**Market Info**

**Today the Anti-Aging market is booming. In 2004, Anti-Aging product sales totaled over $20 billion.** As the Baby Boomers are entering their forties, the high-end cosmetic industry is growing at double digit rates. In 2003, nearly 90 million American consumers use, or have used, products or procedures in an attempt to reduce the visible signs of aging. Consumers in an attempt to reduce the visible signs of aging. Consumers are hungry for products that make them look and feel young and are going to great length and expense to preserve a youthful appearance. With new technologies and discoveries in the cosmetic and health care industry, this generation of Baby Boomers has a sense of entitlement that they're going to stay young & live forever. They are willing and able to pay for products that provide anti-aging benefits. As the President of L'Oreal Paris,Carol Hamilton states, "Now you have a whole generation who basically believes that they never have to see a wrinkle. This is a powerful movement in the beauty industry."



# Collagen *Fusion*™
combining next generation
science with nature

**CollagenFusion™ is proud to bring its anti-aging benefits to customers Naturally.** CollagenFusion™ products expand the anti-wrinkle consumer market by finally offering a product that works with the body's natural systems to replenish what the body has lost through aging or deficiency. There are many anti-wrinkle products and procedures today. There are injections, topical creams, chemical peels, and surgical resurfacing. One thing these all have in common is they are temporary solutions. None of these products or procedures fix the source of problem which causes wrinkles. CollagenFusion™ with Collamin_G, works with the body's natural process' to rejuvenate and renew your skin while visibly reducing the appearance of fine lines and wrinkles.

©2006 AmerElite Solutions    Designed by SiGee Graphics

©2006 AmerElite Solutions    Designed by SiGee Graphics